UNIVERSAL ASSETS, INC., Appellant,

v.

Edwin PARKER, Appellee.

No. 13936.

Court of Civil Appeals of Texas.

San Antonio.

June 6, 1962.

Rehearing Denied July 5, 1962.

———◆———

Roger M. Dreyer, Gonzales, Joe Day, Jr., Fort Worth, for appellant.

Denver E. Perkins, Gonzales, for appellee.

POPE, Justice.

Plaintiff Universal Assets, Inc., as lessee, sued Edwin Parker, the lessor, for the return of certain claimed advance rentals it had paid under two separate leases. It claimed that the lessor breached the lease agreements by evicting the lessee prior to the expiration dates. The trial court rendered judgment for the lessor upon the verdict of the jury. We affirm the judgment.

Lessee contended that it entered into two leases covering two broiler farms and the equipment. One lease was in writing. It was for one year and was dated March 28, 1958. The rental for the entire year was $10,500, and the lessee paid lessor $8,400 in advance. Lessee claimed that the rent was reduced by a later oral agreement. Lessee also contended that there was a second oral agreement for a different broiler farm. It contended that the second lease was for a period of about nine and one-half months, and that it paid an additional $8,400 advance rent on that second set of facilities. Lessee contends that it was unlawfully evicted from both broiler farms on September 8, 1958. It claimed that it was entitled to recover $3,682.00 for the unused rentals under the first lease, and $5,147.00 under the second lease.

Lessee failed to obtain jury findings which would support a judgment in its favor. There was no finding that the lessor evicted the plaintiff from either of the premises. There was testimony that the lessor re-entered after the lessee vacated the premises, and that he did this to preserve his equipment. Lessor testified that he entered the property about thirty or forty days after lessee vacated it, because his equipment was torn up, trucks had been driven through his broiler houses, water had run from troughs into and was standing in the broiler houses, brooders were knocked down, and gas lines were loose. He did not lock the first facility, but put a lock on the second facility to protect it. With this evidence in the record, the lessee needed a finding that it had been unlawfully evicted.

Lessee contended that the written agreement was amended orally and that the lessor agreed to reduce the rental on the first facility from $10,500 to $8,400. The jury

found that there was no such oral agreement. Plaintiff also contended that there was an oral lease for nine months and eighteen days of the second facility and that the rental was $8,400. The jury found against this also. There was no basis left for a judgment in favor of the lessee.

BARROW, J., not participating.